IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

RAJESH GUPTA,                         )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )   Civil Action No. 1:19-cv-00109
                                      )
FREDDIE MAC,                          )
                                      )
    Defendant.                        )

## MEMORANDUM OPINION

THIS MATTER comes before the Court on a Motion for Summary Judgment by Defendant Freddie Mac ("Defendant" or "Freddie Mac"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. Fed. Rule Civ. Pro. 56.

Plaintiff Rajesh Gupta ("Plaintiff") is an Asian Indian resident of Illinois, who was 50 years old at the beginning of this lawsuit. Between August 14, 2017 and January 9, 2019, Plaintiff was employed by Defendant Freddie Mac as a Trade Analyst Model Development Tech Lead. Plaintiff's employment responsibilities included maintaining, enhancing and operating software and supporting application development teams who used the Nimble Development Methodology as a means of developing and deploying business software. Further, as part of his employment arrangement, Plaintiff agreed to relocate from his home in

Naperville, Illinois to McLean, Virginia. Although the move was mandatory, Plaintiff never relocated to Virginia.

From the beginning of his employment, Plaintiff's performance was a concern. In October and November 2017, Plaintiff was informed that his progress in learning the Nimble system slow and the value he provided to his team was low. At that time, Plaintiff's manager, John Brann, expressed concern about Plaintiff's performance and failure to relocate to Virginia.

In February of the following year, Plaintiff's Performance Review reiterated Plaintiff's performance was poor and needed improvement. It specifically listed that Plaintiff's grasp of the Nimble system and his productivity were not at the level expected for an employee in his position.

On March 13, 2018, Mr. Brann met with Plaintiff to discuss the status of his relocation to Virginia. They also discussed narrowing Plaintiff's assignments because of his performance issues and poor productivity. Plaintiff did not relocate and his performance did not improve.

On April 27, 2018, Plaintiff was placed on a Performance Improvement Plan ("PIP"). The PIP set forth specific deficiencies in Plaintiff's work and the expectations of Plaintiff's manager going forward. When Mr. Brann met with Plaintiff to present the PIP, Plaintiff disagreed with the

content of the PIP but did not give any basis for his disagreement. Plaintiff made little effort to address the deficiencies and goals set forth in the PIP and tried to avoid the first PIP status meeting with his manager. Without notice to his manager as require by company policy, Plaintiff unexpectedly took off a week from work. This action violated Freddie Mac's leave policy. Plaintiff also avoided interacting or communicating with his manager in other ways. Ultimately, on May 16, when Plaintiff did meet with Mr. Brann, he was largely unresponsive to questions regarding his performance and had no suggestions for how his manager might help bring his performance up to standard.

On May 18, 2018, two days after the first PIP meeting, Plaintiff filed a complaint against Mr. Brann with Defendant's Human Resource Department. Plaintiff claimed that he was placed on the PIP in retaliation for Plaintiff telling another manager, Mr. Bharat Modha, that he was going to report a coworker for incidents that took place in early 2018. Nothing in his HR complaint, or in the subsequent investigation, referenced any alleged disability or suggested that Plaintiff believed Defendant engaged in any misconduct in connection with any alleged disability.

On May 24, 2019, Mr. Brann met with Plaintiff again, to discuss his progress meeting the goals set forth in the PIP.

3

Plaintiff was not meeting those expectations and appeared to have no interest in doing so. At the meeting, Plaintiff claimed he had a conflict with the arranged time and offered to meet later that day instead. The post-meeting memorandum prepared by Mr. Brann stated that Plaintiff could not present a high-level view of the Nimble system and immediately reported to HR that the meeting went very poorly.

On May 25, 2019, Plaintiff filed a complaint with Defendant's Ethics Department against Mr. Brann and Mr. Rush, asserting that Mr. Brann had created a hostile work environment and had repeatedly berated and humiliated Plaintiff. Plaintiff offered no proof for these assertions and did not reference any alleged disability or suggest Plaintiff believed Defendant had engaged in any misconduct under the ADA. During the following investigatory interviews, Plaintiff never indicated he had an impairment that significantly impacted a major life activity, or that Defendant had discriminated or retaliated against him because of any such disability. Defendant's investigators concluded there was no basis for Plaintiff's allegations in the Ethics Complaint or the HR Complaint.

Following his poor performance and follow-through on the PIP assignments, Mr. Brann concluded that Plaintiff was not engaged sufficiently in improving his performance to a level that would allow him to perform his role. On May 25, 2019, Mr.

4

Brann prepared a request to terminate Plaintiff's employment. And on May 30, Plaintiff's manager sent the termination memo to Defendant's HR Department. The termination memo stated Plaintiff's termination was due to his inability to perform the responsibilities of his role. On June 15, 2018, Plaintiff was informed that his employment was terminated due to his poor performance.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on October 31, 2018, alleging that his employer treated him differently due to his age, disability, national origin, color and in retaliation after he made his employer aware of the maltreatment he was experiencing. Plaintiff did not identify an alleged disability, provide factual allegations as to how Defendant allegedly discriminated or retaliated, made no contention that Defendant wrongfully terminated his employment, and did not assert a failure to accommodate claim or facts suggesting Plaintiff requested an accommodation. On November 1, 2018, Plaintiff received a Notice of Right to Sue letter.

Plaintiff then filed the pro se complaint initiating this action on January 29, 2019, and amended the complaint on May 14, 2019. In his complaint, Plaintiff alleged wrongful termination (Count I), failure to accommodate (Count II), discrimination (Count III), and retaliation (Count IV) under the Americans with

5

Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 to 12117. On September 4, 2019, Freddie Mac filed its Motion for Summary Judgment. Discovery in this case is complete and Defendant's case is ripe for summary judgment.

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). Summary judgment may be entered when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. The "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient" to find an issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Before a federal court may review claims under the ADA, the plaintiff must properly file a complaint with the EEOC and receive a Notice of Right to Sue. See Davis v. Virginia Commonwealth Univ., 180 F.3d 626, 628 n.3 (4th Cir. 1999). Merely checking a box on the EEOC form is insufficient to

exhaust a category of discrimination as a claim. Earl v. Norfolk State Univ., No. 2:13cv148, 2014 U.S. Dist. LEXIS 88652, at *36 (E.D. Va. June 26, 2014). The allegations made in litigation must correspond to those set forth in the administrative charge. Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005). This requirement ensures the charged party will be put on notice of the claims against it. See Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998). When a plaintiff has failed to properly exhaust available administrative remedies for a claim, the federal court must dismiss the action. Chacko, 429 F.3d at 509; see Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002).

Here, Plaintiff failed to exhaust both his disability discrimination and failure to accommodate claims. Allegations of discrimination made generally in an EEOC complaint are not sufficient to exhaust those claims; they must reference or assert a specific qualifying disability. Michaels v. Cont'l Reality Corp., RDB-10-1998, 2011 U.S. Dist. LEXIS 109172 at *14 (D. Md. Sep. 26, 2011), aff'd sub nom. Michaels v. Cont'l Realty Corp., 469 F. App'x 209 (4th Cir. 2012). Likewise, a plaintiff asserting a failure to accommodate claim must include the factual predicate to support the claim, including the fact that the plaintiff requested an accommodation from his employer. Mayers v. Wash. Adventist Hosp., 131 F.Supp. 2d 743, 746-47 (D.Md. 2001), aff'd, 22 F. App'x 158 (4th Cir. 2001).

Plaintiff Gupta failed to specify a disability in his EEOC complaint, filed on October 31, 2018. In the complaint, Plaintiff stated that his employer treated him differently due to his disability. However, rather than identifying the disability, Plaintiff references the hostile work environment and harassment he allegedly received as having a serious negative affect on his mental health.

Similarly, Plaintiff's EEOC complaint did not mention a failure to accommodate claim and did not reference a request for accommodation. Not fully alleging either claim constitutes a failure to exhaust available administrative remedies and precludes Plaintiff from asserting either his failure to accommodate or disability discrimination claim in this litigation. For these reasons, Plaintiff's claims in Counts II and III fail.

Furthermore, Plaintiff fails to allege a case for wrongful termination in Count I. To establish a prima facie case of wrongful termination under the ADA, Plaintiff must show that: (1) he had a disability; (2) he was discharged; (3) he was fulfilling his employer's legitimate expectations at the time of discharge; and (4) the circumstances of discharge raise a reasonable inference of unlawful discrimination. Harris v. Reston Hosp. Ctr., LLC, 523 Fed. App'x 938, 947 (4th Cir.

2013)(citing <u>Reynolds v. Am. Nat'l Red Cross</u>, 701 F.3d 143, 150 (4th Cir. 2012)).

Plaintiff fails to meet elements three and four of his prima facie case because he does not ~~argue~~ *have any evidence* that Freddie Mac terminated his employment on account of his alleged disability and he was not fulfilling the reasonable expectations of his employer. Plaintiff's conclusory statements to the contrary are insufficient to create a genuine issue of fact with respect to that issue. <u>Goldberg v. B. Green & Co.</u>, 836 F.2d 845, 848 (4th Cir. 1988). The undisputed facts demonstrate that Plaintiff's performance was deficient virtually from the beginning of his employment with Defendant and remained so until the date his employment was terminated. Plaintiff struggled to fulfill his job responsibilities, including understanding the commonly used Nimble software and maintaining a reasonable productivity level. Due to these issues, Plaintiff was placed on a PIP in April, 2018.

Nevertheless, Plaintiff's performance remained poor, and he made little effort to address the deficiencies set forth in the PIP. Because Plaintiff was not engaged in improving his performance to an appropriate level for his role, his supervisor concluded Plaintiff's employment should be terminated.

Consequently, Plaintiff also fails to establish the fourth element of his prima facie case for wrongful termination. Based

9

upon the facts presented, it is impossible to conclude that Plaintiff's alleged disability was the cause of his termination. Plaintiff admits that he was not experiencing any symptoms on June 1, 2018. The memo terminating Plaintiff's employment was prepared the day before and sent inhouse between Plaintiff's supervisors. In addition, Plaintiff testifies that he did not provide his employer notice of his disability until mid-June. An employer cannot fire an employee because of a disability unless it knows of that disability. Morisky v. Broward County, 80 F.3d 445, 448 (11th Cir. 1996); see Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 932 (7th Cir. 1995); see also Tetreault v. Advanced Fed. Servs. Corp., 2012 U.S. Dist. LEXIS 140992, *7-11 (E.D. Va. Sep. 28, 2012). Plaintiff's employer was unaware at the time of termination that Plaintiff might be disabled, and the manifestation of Plaintiff's alleged disability did not occur until after Defendant commenced formal action against Plaintiff. Defendant, therefore, could not consider the alleged disability when terminating Plaintiff. Rather, Plaintiff's employment was ended due to his inability to meet his employer's expectations. Thus, Plaintiff's claim in Count I fails.

In the final count of his complaint, Plaintiff asserts an ADA retaliation claim against Defendant. To establish a prima facie case of retaliation, Plaintiff must prove that: (1) he engaged in protected activity; (2) he suffered an adverse

10

action; and (3) his protected activity was the but-for cause of the adverse action. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2528 (2013); see EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405-06 (4th Cir. 2005). If a plaintiff satisfies this burden, the defendant then must articulate a legitimate non-retaliatory reason for its action. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985), overruled on other grounds, Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Should the defendant make this showing, the plaintiff must prove the real reason for the employer's action was to retaliate against him for having requested an accommodation. Id.

Plaintiff's retaliation claim fails for several reasons. First, it is questionable whether Plaintiff met the exhaustion requirement by checking the box for retaliation on his EEOC complaint without making any allegation or offering any proof that the retaliation was related to an alleged disability. A plaintiff may exhaust a claim of retaliation without explicitly stating it in the EEOC complaint when the retaliation was a "kind of discrimination like or related to allegations contained in the charge or growing out of such allegations during the pendency of the case before the commission." Jones v. Calvert Group, Ltd., 551 F.3d 297, 302 (4th Cir. 2009); see Baiden-Adams v. Forsythe Transp., Inc., 969 F. Supp. 2d 422, 431 (E.D. Va. 2013). But, Plaintiff in this case fails to establish any of the

11

elements necessary for his prima facie case of retaliation, regardless of whether he properly exhausted his claim.

Plaintiff does not establish that he participated in a protected activity under the ADA. "Protected activity" includes "making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing pursuant to the Act." 42 U.S.C. § 12203(a); see Evans v. Maax-KSD Corp., 309 Fed. App'x 644, 645-46 (3d Cir. 2009). Such activities may include a request for part-time work or accommodations, lodging a complaint, or opposing unlawful employment practice. Lamb v. Qualex, Inc., 33 Fed. App'x 49 (4th Cir. 2002); E.g. Lyons v. Shinseki, 454 Fed. App'x 181 (4th Cir. 2011); Pearlman v. Pritzker, 564 Fed. App'x 716 (4th Cir. 2014); Peters v. Jenney, 327 F.3d 307, 320-321 (4th Cir. 2003). In a complaint or opposition to employment practices, a plaintiff "need not establish that the conduct [he] opposed actually constituted an ADA violation" but he "must allege the predicate for a reasonable, good faith belief that the behavior [he] is opposing violates the ADA." Freilich v. Upper Chesapeake Health, 313 F.3d 205, 216-217 (4th Cir. 2002)(citations omitted). There is no evidence that Plaintiff notified Defendant of a qualifying disability, and no evidence that he requested an accommodation or engaged in any other activity protected by the ADA when employed by Defendant. Neither of Plaintiff's filed complaints,

12

either with the HR Department or Ethics Department, mentioned any alleged disability or suggested that Plaintiff believed Defendant had engaged in any misconduct under the ADA.

Second, Plaintiff fails to present evidence that he suffered an adverse action as a result of some protected activity. Conduct constituting adverse actions under the ADA include termination of employment or a demotion. <u>Williams v. Cerberonics, Inc.</u>, 871 F.2d 452 (4th Cir. 1989); <u>see</u> <u>Mason v. Wyeth, Inc.</u>, 183 Fed. App'x 353, 363 (4th Cir. 2006). In his Amended Complaint, Plaintiff did not identify an adverse action past marking the box for "termination." In later discovery, Plaintiff provided the following list of adverse actions: his clean personnel file, Defendant's PIP policy authorizing supervisors to abuse subordinates, the failure of Defendant to provide retaliation policy and exhibits, and Defendant's failure to take PIP action against Mr. Brann when Plaintiff provided evidence of his incompetence. None of these actions constitute "adverse action" under the ADA. None altered the terms and conditions of Plaintiff's employment with Freddie Mac.

Even assuming Plaintiff met the first two elements, he cannot, and has not attempted to prove the causal connection between a protected activity and the adverse action taken. No evidence is presented of a causal relationship between any

adverse action and the protected activity in which Plaintiff participated. Accordingly, Plaintiff's Count IV fails.

For the forgoing reasons, this Court finds that Defendant Freddie Mac is entitled to summary judgment.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
November 8, 2019